RYLAND, J.
This was an action of assumpsit brought by Spalding, the defendant in error, in the St. Louis Court of Common Pleas, against Isaac S. Smyth, on a bill of exchange drawn by said Smyth on Johnstone, Dryer & Trowbridge, for six hundred and sixty-three dollars and fifty cents, payable four months after date, to Whittemore & Cutter or order, which was indorsed by said Whitte-more <fc Cutter to Josiah Spalding (the plaintiff) or order. The bill of exchange was accepted by said Johnstone, Dryer & Trowbridge, but was after-wards protested for non-payment.
On the trial below, the defendant having plead the general issue, it was admitted that when the said bill of exchange which was given in evidence by the plaintiff below, was so given in evidence, the defendant below admitted due notice of the dishonor of said bill of exchange for non-payment; also admitted due acceptance by the drawees as well as presentment and protest for non-payment; also admitted the indorsement of said Whittemore & Cutter on said draft to the plaintiff.
The plaintiff then admitted that he was only acting in the suit for Whitte-more & Cutter, and agreed that the defendant might set up any legal defense in this suit, as if the same was in the name of Whittemore & Cutter as plaintiffs.
Thereupon the defendant offered to prove, that the defendant at the time of the drawing of said bill of exchange was the clerk or agent of Johnstone, Dryer & Trowbridge, and was in no way interested in the goods purchased for said Johnstone, Dryer & Trowbridge, and for the payment of which said bill of exchange was given, and that Whittemore & Cutter, the payees in said draft, knew at the time of said agency, and gave credits to said Johnstone, Dryer & Trowbridge, and not to'said defendant, and that the goods purchased were charged on said Whittemore & Cutter’s books to Johnstone, Dryer & Trowbridge, and the account was balanced by said draft — which proof the Court of Common Pleas rejected — the defendant excepted.
The jury found a verdict for the plaintiff; motion made by defendant below to set aside the verdict and grant him a new trial — overruled—excepted to— and the defendant below brings the cas'e before this court by writ of error.
The only question before us is as to the propriety of the court’s exclusion of the. testimony on the part of the defendant.
The authorities cited hy the-counsel for the defendant in error, in our opinion, sustain and justify the action of the court helow.
It would he allowing the maker of a written, plain and unambiguous contract materially to change and alter it by parol evidence. The drawer of this hill of exchange has made himself personally and individually liable by the manner of drawing and signing it, and we hold it better for the interests of commerce, and more compatible with the principles of the law regulating evidence to sustain and enforce his liability, than to suffer any parol proof to be given tending to explain it away or destroy it. He might have subscribed his name as agent or clerk at first; bnt he thought otherwise, and acted as an individual on his own responsibility. Let him therefore abide hy it. We deem it not *380 necessary again to cite the authoi’ities. We refer to the argument of the counsel for defendant in error, and to the authorities cited to sustain his point. We are satisfied with the rulings of the court below ; its judgment will he therefore affirmed.

(a) Hovey v. Pitcher, ante, p. 202, and note.